THE STATE EX REL. MILLER, APPELLANT, *v.* REED, JUDGE, APPELLEE.

[Cite as *State ex rel. Miller v. Reed* (1999), 87 Ohio St.3d 159.]

(No. 99–1003—Submitted September 14, 1999—Decided November 10, 1999.)

*Jerry S. Miller, pro se.*

**Per Curiam.** On appeal, Miller asserts that the court of appeals erred in dismissing his prohibition action against Judge Reed and the prosecuting attorney because the trial court's July 1997 decision was *res judicata* and R.C. 2950.09(B)(1) is unconstitutional. Miller further asserts that because he should have been the prevailing party, the court of appeals erred in assessing costs against him.

Notwithstanding Miller's claims to the contrary, *"res judicata* is not a basis for prohibition because it does not divest a trial court of jurisdiction to decide its applicability and it can be raised adequately by postjudgment appeal." *State ex rel. Soukup v. Celebrezze* (1998), 83 Ohio St.3d 549, 550, 700 N.E.2d 1278, 1280, citing *State ex rel. Smith v. Smith* (1996), 75 Ohio St.3d 418, 420, 662 N.E.2d 366, 369, and *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1995), 74 Ohio St.3d 19, 21, 655 N.E.2d 1303, 1305–1306.

In addition, we need not address the merits of Miller's constitutional claim because Miller did not raise this issue in his complaint or amend his complaint to include this claim, and appellees did not expressly or impliedly consent to litigation of this claim. See, *e.g., State ex rel. BSW Dev. Group v. Dayton* (1998), 83 Ohio St.3d 338, 344–345, 699 N.E.2d 1271, 1276–1277; *State ex rel. Massie v. Gahanna–Jefferson Pub. Schools Bd. of Edn.* (1996), 76 Ohio St.3d 584, 589, 669 N.E.2d 839, 843. Although Miller cited in his complaint *State v. Williams* (Jan. 29, 1999), Lake App. No. 97–L–191, unreported, 1999 WL 76633, discretionary appeal allowed (1999), 86 Ohio St.3d 1406, 711 N.E.2d 233, and noted that

*Williams* held that R.C. 2950.09 is unconstitutional, he did so only to allege that he would suffer harm if classified as a sexual predator, and not to establish that his trial court's attempt to hold a sexual predator classification hearing was unauthorized because of the claimed unconstitutionality of the statute.

Furthermore, Miller was not entitled to a writ of prohibition against the prosecuting attorney because the prosecutor does not exercise judicial or quasi-judicial power in a sexual predator classification hearing. See, *e.g.*, R.C. 2950.09(C); *State ex rel. Gray v. Leis* (1980), 62 Ohio St.2d 102, 16 O.O.3d 106, 403 N.E.2d 977; *State ex rel. Jefferys v. Watkins* (1994), 92 Ohio App.3d 809, 811, 637 N.E.2d 345, 347.

Finally, Miller's contention that the court of appeals should not have assessed costs against him because he should have prevailed lacks merit. Miller was not the prevailing party in this case. And while he claims discrimination against his claimed indigency status due to the costs assessment, he did not comply with the R.C. 2969.25(C) requirement of a statement certified by his prison cashier setting forth the balance in his inmate account for each of the preceding six months, although he asserted in his complaint that he would comply with that provision. See, generally, *State ex rel. Alford v. Winters* (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.