[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 33.]

THE STATE EX REL. NATIONWIDE MUTUAL INSURANCE COMPANY, APPELLANT,

*v.* HENSON, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Nationwide Mut. Ins. Co. v. Henson*, 2002-Ohio-2851.]

*Prohibition—Writ sought to prevent common pleas court judge from exercising jurisdiction over a reformation claim in a pending breach-of-contract common pleas court action—Mandamus sought to compel common pleas court judge to comply with two previous decisions involving the same parties and to strike or dismiss the pending common pleas court action—Court of appeals' dismissal of complaints affirmed.*

(No. 2001-1711—Submitted February 26, 2002—Decided July 10, 2002.)

APPEAL from the Court of Appeals for Richland County, Nos. 01-CA-46 and 01-CA-47.

——————————

PER CURIAM.

{¶1} On April 1, 1994, appellant, Nationwide Mutual Insurance Company ("Nationwide"), terminated an agency agreement it had with appellee Hamilton Insurance Services, Inc., which had been incorporated by appellee Neil Hamilton.[1]

{¶2} Hamilton filed an action in the Richland County Court of Common Pleas, alleging that Nationwide had wrongfully terminated the agency agreement. In his complaint, Hamilton alleged that the termination was a breach of contract because the agency could be terminated only for just cause. Hamilton also alleged a reformation claim, *i.e.*, that if the agency agreement authorized Nationwide to

---

1. Appellees Neil Hamilton and Hamilton Insurance Services, Inc. are collectively referred to as "Hamilton" in this opinion.

terminate Hamilton's agency without cause, the agreement should be reformed to reflect the intent of the parties that the agency could be terminated only for cause.

{¶3} At trial, the common pleas court presented the breach-of-contract claim to a jury, which returned a verdict in favor of Hamilton. The common pleas court adopted the jury verdict and additionally determined that Hamilton was entitled to certain post-termination payments. On appeal, the court of appeals affirmed the judgment of the court of common pleas. *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.* (Jan. 14, 1998), Richland App. Nos. 97-CA-27 and 97-CA-42, 1998 WL 518137. On further appeal, we reversed the judgment of the court of appeals and held that Nationwide did not breach the terms of the agency agreement when it terminated the contract in April 1994 because the unambiguous agreement was terminable with or without cause. *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.* (1999), 86 Ohio St.3d 270, 274-275, 714 N.E.2d 898 ("*Hamilton I*"). We ordered that a "mandate be sent to the Court of Common Pleas of Richland County to carry the judgment into execution."

{¶4} On remand, Hamilton filed a Civ.R. 60(B) motion for relief from judgment in which he sought to proceed on his reformation claim. On March 13, 2000, the common pleas court granted the Civ.R. 60(B) motion and permitted the reformation claim to go forward. On appeal, the court of appeals, in a two-to-one decision, reversed the judgment of the common pleas court. *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.* (Oct. 19, 2000), Richland App. No. 00 CA 18, 2000 WL 1591094 ("*Hamilton II*"). We did not accept the discretionary appeal. (2001), 91 Ohio St.3d 1449, 742 N.E.2d 146. The court of appeals held that Civ.R. 60(B) could not be used to modify or vacate a judgment of a superior court and that "[e]ven if" it could be employed in this manner, "the matter is now res judicata and Hamilton cannot maintain his action for reformation." Id. at 9.

{¶5} One day following the court of appeals' judgment in *Hamilton II* and before this court had denied jurisdiction, on October 20, 2000, Hamilton filed a

2

complaint in the Richland County Court of Common Pleas against Nationwide to refile his reformation claim. In its answer and motion for summary judgment, Nationwide claimed that Hamilton's reformation action was barred by *res judicata, i.e.,* that *Hamilton I* and *Hamilton II* precluded the claim. On May 25, 2001, appellee Judge James D. Henson of the common pleas court denied Nationwide's motion for summary judgment because it was "undisputed that Hamiltons' reformation claim has yet to be adjudged on the merits by this or any other trial court" and that neither the court of appeals nor the Supreme Court intended to preempt the common pleas court's jurisdiction over this claim.

{¶6} On June 20, 2001, Nationwide filed complaints in the Court of Appeals for Richland County. Nationwide requested a writ of prohibition to prevent Judge Henson from exercising jurisdiction over the reformation claim in the pending common pleas court action and a writ of mandamus to compel Judge Henson to comply with *Hamilton I* and *Hamilton II* and strike or summarily dismiss Hamilton's pending common pleas court action. Judge Henson filed an answer, and Hamilton filed motions for leave to intervene as respondents and answers. On August 17, 2001, the court of appeals entered judgment dismissing Nationwide's complaints on the basis that Nationwide had "an adequate remedy at law by way of appeal."

{¶7} This cause is now before the court upon Nationwide's appeal as of right as well as its request for oral argument.

Oral Argument

{¶8} Nationwide requests oral argument in this appeal because the issue raised "is sufficiently important to the maintenance of the system of inferior and superior courts in Ohio to warrant" argument and oral argument "may assist" the court to better comprehend the parties' history of litigation. But this case involves neither a matter of great public importance nor complex facts. We have resolved comparable claims without the necessity of oral argument. See, *e.g., State ex rel.*

*Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 652 N.E.2d 742, and *State ex rel. Willacy v. Smith* (1997), 78 Ohio St.3d 47, 676 N.E.2d 109. And the parties' briefs are sufficient to resolve this appeal. *State ex rel. Painesville v. Lake Cty. Bd. of Commrs.* (2001), 93 Ohio St.3d 566, 569, 757 N.E.2d 347. Therefore, we deny Nationwide's request for oral argument and proceed to consider the merits of its appeal.

Prohibition and Mandamus

{¶9} Nationwide asserts that the court of appeals erred in dismissing its complaints for extraordinary relief in prohibition and mandamus because Judge Henson disregarded the mandates of this court in *Hamilton I* and of the court of appeals in *Hamilton II*.

{¶10} The court of appeals held that the writs would not issue because appellant had an adequate legal remedy by appeal. Neither prohibition nor mandamus will issue if Nationwide has an adequate remedy in the ordinary course of law. *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 316, 725 N.E.2d 663. In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal. *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 428-429, 751 N.E.2d 472.

{¶11} To the extent that Nationwide asserts *res judicata* as a basis for extraordinary relief, *res judicata* does not divest a trial court of jurisdiction to decide its applicability, and the denial of this defense by the trial court can be adequately challenged by post-judgment appeal. *State ex rel. Whiteside v. Fais* (2001), 91 Ohio St.3d 463, 464, 746 N.E.2d 1113; *State ex rel. Miller v. Reed* (1999), 87 Ohio St.3d 159, 160, 718 N.E.2d 428.

{¶12} Finally, the cases cited by Nationwide are inapposite. Those cases generally involve either a patent and unambiguous disregard of a superior court mandate, see, *e.g., Heck*, 72 Ohio St.3d 98, 647 N.E.2d 792, a continuing and

4

vexatious abuse of judicial process with duplicative proceedings in multiple jurisdictions, *State ex rel. Stark v. Summit Cty. Court of Common Pleas* (1987), 31 Ohio St.3d 324, 31 OBR 599, 511 N.E.2d 115 (four separate lawsuits in three different courts), or the use of *res judicata* to bar a defense in a mandamus action to appoint a board member, *State ex rel. Cleveland Hts. v. Cuyahoga Metro. Hous. Auth.* (1990), 50 Ohio St.3d 47, 553 N.E.2d 249. None of these circumstances is present here.

{¶13} Based on the foregoing, the court of appeals correctly held that Nationwide has an adequate remedy in the ordinary course of law to raise its claims.[2] These remedies include appeal, see, *e.g., Shimko*, 92 Ohio St.3d 426, 751 N.E.2d 472, and *Miller,* 87 Ohio St.3d 159, 718 N.E.2d 428, and a motion for contempt. See, generally, *State ex rel. Shemo v. Mayfield Hts.* (2001), 93 Ohio St.3d 1, 4, 752 N.E.2d 854, quoting *Hunt v. Westlake City School Dist. Bd. of Edn.* (1996), 114 Ohio App.3d 563, 568, 683 N.E.2d 803 ("in general '[t]he use of mandamus to enforce a judgment is not popular and widespread because other avenues of enforcement [*e.g.*, motion for contempt] are readily available' " [bracketed insert added in *Hunt*]). Because Judge Henson does not patently and unambiguously lack jurisdiction over Hamilton's reformation claim, Nationwide is not entitled to the requested extraordinary relief in prohibition and mandamus. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––

2. By so holding, we need not consider Judge Henson's claim that the issuance of the writs would violate the Open Courts Clause of Section 16, Article I of the Ohio Constitution. *State ex rel. Dillery v. Icsman* (2001), 92 Ohio St.3d 312, 318, 750 N.E.2d 156, fn. 1 (courts decide constitutional issues only when absolutely necessary).

Arter & Hadden, L.L.P., and Irene C. Keyse-Walker; Lutz & Oxley and Fred M. Oxley, for appellant.

James J. Mayer, Jr., Richland County Prosecuting Attorney, and John Randolph Spon, Jr., Assistant Prosecuting Attorney, for appellee Judge James D. Henson.

Inscore, Rinehardt, Whitney & Enderle and Larry L. Inscore, for appellees Hamilton Insurance Services, Inc., and Neil Hamilton.

_____