OPINION
{¶ 1} Appellants Neal Hamilton and Hamilton Insurance Services, Inc. appeal a judgment of the Richland County Common Pleas Court finding their action for contract reformation against appellee Nationwide Insurance Company barred by res judicata:
 {¶ 2} "IF THE APPEALED ORDER DOES NOT CONSTITUTE A FINAL JUDGMENT IN FAVOR OF NATIONWIDE ON HAMILTON'S CONTRACT REFORMATION CLAIMS HAMILTON'S APPEAL SHOULD BE DISMISSED FOR LACK OF A FINAL APPEALABLE ORDER.
 {¶ 3} "IF THE APPEALED ORDER DOES CONSTITUTE A FINAL JUDGMENT IN FAVOR OF NATIONWIDE ON HAMILTON'S CONTRACT REFORMATION CLAIM, THE TRIAL COURT ERRED IN REVISING AND MODIFYING ITS EARLIER MAY 25, 2001 ORDER (DENYING NATIONWIDE'S MOTION FOR SUMMARY JUDGMENT) WITHOUT PRIOR NOTICE AND AN OPPORTUNITY FOR HAMILTON TO BE HEARD.
 {¶ 4} "IF THE APPEALED ORDER DOES CONSTITUTE A FINAL JUDGMENT IN FAVOR OF NATIONWIDE ON HAMILTON'S CONTRACT REFORMATION CLAIM, THE TRIAL COURT ERRED IN ENTERING THAT JUDGMENT."
 {¶ 5} Appellee Nationwide Insurance Company cross-appeals, a single error:
 {¶ 6} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED NATIONWIDE'S MOTION FOR CONTEMPT."
 {¶ 7} In 1994, appellants filed an action against appellee seeking damages for appellee's termination of its corporate agency agreement with appellants, or in the alternative, reformation of the mutual termination provision in the agency agreement. The case proceeded to jury trial in 1997, and a general verdict was returned for appellants. Appellants were awarded damages in the amount of $100,000. The court determined that the forfeiture of benefits pursuant to the non-competition clause was unconscionable and awarded appellants accumulated benefits in the amount of $208,164. In 1998, this court affirmed the judgment in a split decision, concluding that the mutual termination provision in the contract was ambiguous, and the non-competition clause was unenforceable. Hamilton Insurance Services, Inc. v. Nationwide InsuranceCompany (January 14, 1998), Richland Appellate No. 97-CA-27, 97-CA-42.
 {¶ 8} In 1999, the Ohio Supreme Court reversed the judgment of this court, finding the termination clause was not ambiguous, and the non-competition clause was valid and enforceable. The court found that appellee did not breach the terms of the corporate agency agreement, and issued a mandate to the Richland County Court of Common Pleas to carry its judgment into execution.
 {¶ 9} In 2000, the Richland County Common Pleas Court granted appellants' Civ.R. 60(B) motion to vacate or modify the Supreme Court's decision, allowing appellants to pursue their alternative theory that the mutual termination provision should be reformed so as to allow termination only for good cause. On appeal, we reversed in a split decision, finding that a trial court cannot use Civ.R. 60(B) to modify a Supreme Court judgment, and even if Civ.R. 60(B) was an appropriate vehicle for reviving the reformation cause of action, Hamilton made a binding election of remedies, and under the doctrine of res judicata, was barred from attempting to recover under his cause of action for reformation. Hamilton Insurance v. Nationwide (October 19, 2000), Richland Appellate No. 00-CA-18. In February of 2001, the Supreme Court denied jurisdiction over the appeal.
 {¶ 10} On October 20, 2000, the day after this court issued its decision finding the reformation clause barred by res judicata, appellants filed the instant reformation action in a new lawsuit against appellee. Appellee moved for summary judgment. The court denied the motion, and scheduled a conference for the purpose of setting a trial date on the reformation action.
 {¶ 11} On June 20, 2001, appellee filed original actions for a writ of mandamus and prohibition in this court, seeking to prevent the trial court from exercising jurisdiction over the reformation action, and to compel him to comply with the mandates of this court and the Supreme Court. We dismissed both complaints, finding that appellee had an adequate remedy at law by way of appeal.
 {¶ 12} On July 10, 2002, the Ohio Supreme Court found that this court did not err in dismissing the original actions, as appellee had adequate remedies at law by way of appeal and a motion for contempt.State ex rel. Nationwide Mutual Insurance v. Henson, 96 Ohio St.3d 33,2002-Ohio-2851.
 {¶ 13} Appellee then filed a motion seeking to hold appellants in contempt of court. On January 8, 2003, the trial court found that appellants were not in contempt, but acknowledged that the reformation cause of action is foreclosed by the decisions of this court and the Ohio Supreme Court. The court found that due to the findings of this court and the Supreme Court, it is time for the matter to finally be laid to rest, and as the Ohio Supreme Court found that the contract was clear, and as the Court of Appeals had foreclosed the claim for reformation, "plaintiff is S.O.L. (simply out of luck)." Judgment Entry, January 8, 2003.
 I {¶ 14} In his first assignment of error, appellant argues that the January 8, 2003 judgment is not a final appealable order. Appellants asked us to dismiss the appeal and allow them an opportunity to argue the merits of the issue of res judicata before the trial court.
 {¶ 15} Although the trial court did not explicitly state that it was reversing its prior denial of appellee's motion for summary judgment, the court's entry clearly states that it is time for the matter to finally be laid to rest, as the Ohio Supreme Court and this court have made it clear that the claim for reformation is foreclosed by the doctrine of election of remedies and res judicata. No matter what procedural label is placed on the resolution reached by the judgment entry, the entry makes a final disposition of the reformation claim, finding that it is foreclosed, and must be laid to rest.
 {¶ 16} The first assignment of error is overruled.
 II {¶ 17} In their second assignment of error, appellants argue that the court did not have authority to sua sponte reconsider its decision denying appellees' motion for summary judgment.
 {¶ 18} An order denying a motion for summary judgment is not a final appealable order, and can be sua sponte reconsidered by the trial court. E.g., Chubb Group of Ins. Cos. v. Guyuron, (December 14, 1995), Cuyahoga Appellate No. 68468. As the court's order denying appellee's motion for summary judgment was not a final appealable order, the court had authority to sua sponte reconsider it at any time.
 {¶ 19} Appellants also claim they were denied notice and an opportunity to be heard on the issue of res judicata. This claim is without merit. Appellee's motion for contempt was premised upon this court's decision in Case Number 00-CA-18, that the reformation action was barred by res judicata. This clearly placed the issue before the court, and put appellants on notice that res judicata was still a viable issue in the case.
 {¶ 20} The second assignment of error is overruled.
 III {¶ 21} In his third assignment of error, appellant argues that the court erred in concluding that his reformation action was barred by res judicata.
 {¶ 22} The majority opinion of this court in Case No. 00-CA-18 clearly finds that the cause of action for reformation is barred. The opinion states that the matter is res judicata, and Hamilton cannot maintain an action for reformation. The majority opinion further stated that because appellants argued through all levels of the proceedings that the contract as written was the contract between the parties, they were precluded from pursuing an alternative cause of action for reformation, in which they claimed that the contract is different from the written one relied upon in support of the breach of contract claim. The court stated that the Ohio Supreme Court had conclusively determined that the language contained in the contract is clear and unambiguous, and further determined that the contract contained a valid integration clause, and under the doctrine of res judicata, appellants are barred from attempting to recover under a cause of action for reformation. Id.
 {¶ 23} Appellants' motion for reconsideration of the judgment of this court, as well as their attempt to have the matter certified for consideration by the Supreme Court, were both denied. Thus, whether right or wrong, the decision that the reformation action is now barred by res judicata and election of remedies has become the law of the case. The trial court did not err in finding the action barred.
 {¶ 24} The third assignment of error is overruled.
 {¶ 25} We next address the assignment of error on cross-appeal.
 I {¶ 26} Appellee argues that the court erred in failing to find appellants in contempt.
 {¶ 27} In reviewing a lower court's findings concerning contempt, an abuse of discretion standard is applied. E.g. Marden v. Marden
(1996), 108 Ohio App.3d 568, 571.
 {¶ 28} We cannot find that the court abused its discretion in failing to hold appellants in contempt for filing the instant action. In the previous opinion of this court, the dissenting judge would have found that appellants were not precluded from pursuing the reformation claim, as it did not become relevant unless and until the contract was interpreted to mean that termination can be without cause. Further, the majority opinion of this court based its decision in part on the court's conclusion that Civ.R. 60(B) was not the appropriate procedural mechanism by which to challenge the Ohio Supreme Court's decision. The Supreme Court did not expressly rule on the issue of reformation. Therefore, appellants had at least a colorable claim that the reformation action was now timely and appropriate, and the court did not abuse its discretion in failing to hold appellants in contempt of court for filing the action.
 {¶ 29} The assignment of error on cross-appeal is overruled.
 {¶ 30} The judgment of the Richland County Common Pleas Court is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.