{¶ 47} I concur in judgment only as to the affirmance of assignments of error one, two and three. I respectfully dissent from the disposition of the fourth assignment of error as I would find that the court fully justified its decision to impose the maximum sentence. I
 {¶ 48} The court found that Taylor posed the greatest likelihood of reoffending, and it gave reasons in support of that finding based on Taylor's extensive criminal record, his age (22 years-old), and lack of remorse. These findings and reasons fully complied with R.C. 2929.14(C). Hence, the court did not err by imposing the maximum sentence.[1]
 {¶ 49} The majority commits its own error of appellate review by choosing to decide sua sponte the sentencing appeal on a constitutional issue that Taylor did not even raise to us. We can only decide a case on a constitutional issue "when absolutely necessary." See State ex rel. Nationwide Mut. Ins. Co. v.Henson, 96 Ohio St.3d 33, 2002-Ohio-2851, fn.2; Mayer v.Bristow (1999), 91 Ohio St.3d 3, 9. As judges, it is not our place to make arguments for appellants. The court articulated a fully independent and adequate basis for imposing the maximum sentence and that determination stands on its own. I would affirm the imposition of the maximum sentence.
 II {¶ 50} A response to the concurring opinion's citation toBlakely v. Washington (June 24, 2004), No. 02-1632, 72 U.S.L.W. 4546, is in order due to the judicial disarray following the opinion's release. The federal courts are struggling with its application of the federal sentencing guidelines and at least one Ohio appellate court has held that Blakely simply does not apply to those sentences that fall within the statutory range. See, e.g., United States v. Penaranda (C.A. 2, 2004), Nos. 03-1055(L) 03-1062(L); United States v. Burrell (W.D.Va. 2004), No. 2:03CR10095; Patterson v. United States (E.D.Mich. 2004), Nos. 03-CV-74948-DT 96-CR-80160-DT-01; Simpson v.United States (C.A. 7, 2004), No. 04-2700; United States v.Bahena (C.A. 7, 2004), No. 03-2901; United States v. Traeger
(N.D.Ill. 2004), No. 04 C 2865; State v. Bell, Hamilton App. No. C-030726, 2004-Ohio-3621. While loathe to make broad pronouncements about Blakely's applicability to the Ohio sentencing statutes, the concurring opinion demonstrates that the issue is now joined; consequently, I weigh in with some initial thoughts.
 {¶ 51} As the concurring opinion notes, Blakely holds that the maximum sentence is not that which is authorized by the statute for the particular degree of felony, but that which is permissible under the facts either admitted in a guilty plea or found by the trier of fact, even though that sentence might fall well-short of the statutory maximum.
 {¶ 52} Blakely was decided under a state sentencing grid scheme like that employed by the federal courts. The state of Washington sentencing scheme creates grids which classify individual offenses within felony classes according to degrees of seriousness. For example, Blakely pleaded guilty to second-degree kidnapping with a firearm, an offense that is classified as a class B felony. Without more, the facts of the indictment which Blakely pleaded guilty to would only permit a prison sentence in the range of 49-53 months. The Supreme Court thus held that 53 months would the "maximum" sentence (despite the 10-year limit for class B felonies) because the only facts used to find Blakely guilty were those listed in the indictment. Once the trial court began to hear additional facts for purposes of increasing Blakely's sentence beyond that which would have been permissible under the facts pleaded to, the court violated Blakely's right to have a trial by jury.
 {¶ 53} For the most part, Blakely has no applicability to Ohio sentencing statutes. This is because Ohio uses definite sentencing within minimum and maximum ranges for particular classes of felonies as opposed to guidelines used in the state of Washington which set maximum ranges within particular types of offenses in a class of felonies. For example, in Ohio a first degree felony is punishable by three, four, five, six, seven, eight, nine or ten years in prison. Unlike Washington, Ohio's sentencing statutes do not prescribe a prison term based on a point system relating to the offender's conduct. The Ohio trial judge has the discretion to sentence anywhere within the range, subject to statutory findings for imposing the maximum sentence. In Blakely, the Supreme Court stated that:
 {¶ 54} "First, the Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence — and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence — and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury."
 {¶ 55} To the extent that Ohio uses sentence enhancements, I tend to believe Blakely is not a problem. Nearly all sentence enhancements used in Ohio are charged in the indictment; for example, gun specifications, repeat violent offender or major drug offender specifications. That being the case, the offender would either plead guilty to the specification or the jury would make a factual finding on the specification. And it bears noting that sexual predator issues do not involve "punishment" for purposes of double jeopardy, so hearings on the predator classification would not be an issue. See State v. Cook (1998),83 Ohio St.3d 404.
 {¶ 56} Likewise, Blakely should not be an issue for consecutive sentencing. The federal courts have consistently held that the imposition of consecutive sentences does not raise issues under the Sixth Amendment as long as the individual sentence for each count does not exceed the maximum. See, e.g.,United States v. Feola (C.A. 2, 2001), 275 F.3d 216, 220 ("The aggregate sentence is imposed because appellant has committed two offenses, not because a statutory maximum for any one offense has been exceeded."). Blakely has not changed that precedent.
 {¶ 57} As for the findings required to impose the maximum sentence in a given case, those findings do not entail additional fact-finding in the sense that would implicate Blakely. As previously noted, Blakely reaffirmed the sentencing judge's discretion to consider factors outside the evidence during sentencing: "Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence — and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned." A finding that the offender committed the worst form of the offense would be based purely on the facts adduced at trial or pleaded to in the indictment. Recidivism factors like prior offenses need not be established by the jury, as the Supreme Court has specifically stated that prior convictions are not subject to the jury trial rule (there being obvious Fifth Amendment problems with the use of prior convictions when the accused does not testify).
 {¶ 58} Consequently, I believe the concurring opinion's statement that "the court could only impose the maximum sentence by making judicial findings beyond those either determined or stipulated to by the defendant" to be only partially correct. AsBlakely makes clear, the sentencing court may still rule on those facts that are deemed important to the exercise of sentencing discretion. Sometimes, those facts do not present themselves until sentencing; for example, the vindictive offender who verbally or physically assaults the court during sentencing may show a lack of remorse or that he is a danger to the public. Those are factors that may be considered when imposing the maximum sentence, and they do not have to be determined by a jury. Other admitted factors, like an offender's age, may be stipulated.
 {¶ 59} The offender's age, extensive criminal record and lack of remorse as shown in this case are demonstrable facts that the judge could validly consider without violating Blakely. I would therefore find that the court did not err by imposing the maximum sentence.
[1] It bears noting that the sentencing factors set forth in R.C. 2929.14(B) need not be met in the conjunctive; that is, not all of them need be shown before the court can sentence. The statute is written in the disjunctive, so even if the court improperly used a lack of remorse as a factor in meting out a sentence, other available factors satisfied the requirements of the statute.