[Cite as *State ex rel. Miller v. Brady,* 123 Ohio St.3d 255, 2009-Ohio-4942.]

THE STATE EX REL. MILLER, APPELLEE AND CROSS-APPELLANT, *v.* BRADY, JUDGE, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex rel. Miller v. Brady,* 123 Ohio St.3d 255, 2009-Ohio-4942.]

*R.C. 149.43 — Appeal and cross-appeal from court of appeals' judgment granting writ of mandamus to compel judge and clerk of common pleas court to make available for inspection a filing in a guardianship case and awarding attorney fees — Writ of mandamus upheld, but cause remanded for determination of additional attorney fees.*

(No. 2009-0313 ─ Submitted September 16, 2009 ─ Decided September 24, 2009.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Logan County, No. 8-08-10.

_____

**Per Curiam.**

{¶ 1}  This is an appeal and cross-appeal from a judgment granting a writ of mandamus to compel appellant and cross-appellee, Michael L. Brady, in his capacities as judge and clerk of the Logan County Court of Common Pleas, Family Court, Probate Division, to make an assessment that was filed in a guardianship case in the probate court available for inspection and copying under the Public Records Act, R.C. 149.43, awarding appellee and cross-appellant, Rosanna Miller, $3,250 in attorney fees, and denying statutory damages.  Because Brady fails to specifically challenge all of the court of appeals' reasons for granting the writ and determining that Miller was entitled to an award of attorney fees, we affirm that portion of the judgment.  Regarding Miller's cross-appeal, we affirm the denial of an award of statutory damages.  Finally, we reverse the judgment of the court of appeals insofar as it denied Miller's request for an

additional award of attorney fees for the preparation of a response to Brady's motion to vacate the fee award, and we remand the cause to that court to determine a reasonable amount for both those fees as well as the fees incurred in defending against Brady's appeal.

## Case Background

**{¶ 2}** Miller is a party to a guardianship proceeding concerning her father in the Logan County Probate Court, and Brady presides over the case. On May 29, 2008, a consultation summary assessment of Miller's father by Dr. J. Tennenbaum, Ph.D., was filed in the guardianship case. On that same date, Brady ordered that the assessment could not be copied or released and that it could be reviewed only in the presence of court officers.

**{¶ 3}** Miller requested copies of the assessment by letter dated May 31 and facsimile dated June 2. Brady in effect refused Miller's requests by failing to respond to them within a reasonable period of time.

**{¶ 4}** Miller filed a complaint in the Court of Appeals for Logan County for a writ of mandamus to compel Brady, in his capacities as judge and clerk of the probate court, to provide her with access to, including the right to inspect and copy, the assessment that was filed in the guardianship case. She also requested an award of reasonable attorney fees. Brady submitted an answer.

**{¶ 5}** The court of appeals issued an alternative writ and ordered Brady to file a response in the form of a trial brief setting forth good cause why the requested relief should not be granted. More specifically, the court of appeals stated that the judge "shall set forth good cause why the Assessment at issue is not a 'public record' subject to [Miller's] request to inspect and be provided a copy pursuant to R.C. 149.43." Brady filed a response to the alternative writ in which he claimed solely that then-proposed amendments to Sup.R. 45, which he conceded were not yet effective, supported his denial of Miller's requests. Miller submitted a reply brief to the judge's response.

**{¶ 6}** In November 2008, the court of appeals issued a decision granting the writ of mandamus to compel the judge to make the assessment filed in the guardianship case available for inspection and copying during regular business hours. The court of appeals also denied an award of statutory damages, which Miller had not specifically requested in either her complaint or her reply brief. Finally, the court of appeals granted Miller's request for attorney fees and instructed Miller's counsel to submit an affidavit and documentation in support.

**{¶ 7}** After Miller's attorney filed affidavits in support of the request for attorney fees, Brady first filed an objection to the reasonableness of the amount requested. Shortly thereafter, however, the judge secured a new attorney as co-counsel and filed a motion to vacate the award of attorney fees and to revise the court's previous decision. In his memorandum in support of the motion, Brady sought reconsideration of the court's previous decision, arguing that the court was free to revise the decision because it was not a final order. Brady raised for the first time his claim that the court's application of the Public Records Act to his decision to limit access to the assessment report violated the separation-of-powers doctrine. Miller filed a memorandum in opposition and also requested leave to supplement her request for attorney fees to include the attorney fees incurred in opposing the judge's motion to vacate.

**{¶ 8}** In February 2009, the court of appeals denied Brady's motion to vacate because (1) the judge waived his separation-of-powers argument when he failed to raise it in response to the alternative writ to show cause why the assessment was not subject to disclosure under R.C. 149.43 and (2) the General Assembly intended that the public-records statute apply to judicial records and courts regularly apply the statute when deciding whether judges lawfully closed records and in determining whether to award attorney fees in such cases. The court of appeals awarded Miller $3,250 in attorney fees against Brady, but denied

relators' request for an additional award for preparation of her response to the judge's motion to vacate.

{¶ 9} This cause is now before the court upon Brady's appeal and Miller's cross-appeal.

**Appeal:  Waiver of Claim**

{¶ 10} In his appeal, Brady asserts that we should reverse the court of appeals' judgment denying his motion to revise and vacate the attorney-fee award because, based on the separation-of-powers doctrine, "the Public Records Act does not apply to judges' decisions when exercising their power to adjudicate."

{¶ 11} We need not address this constitutional claim, however, because it is not absolutely necessary to do so.  See *State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 57, quoting *Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, ¶ 54 (" 'courts decide constitutional issues only when absolutely necessary' ").

{¶ 12} The court of appeals' judgment granting the writ and determining that Miller is entitled to an award of attorney fees is not subject to reversal, because Brady does not challenge all of the independent reasons given by the court of appeals for granting the writ.  *State ex rel. Schmidt v. School Emps. Retirement Sys.*, 100 Ohio St.3d 317, 2003-Ohio-6086, 798 N.E.2d 1088, ¶ 5; *Stewart v. Corrigan*, 97 Ohio St.3d 80, 2002-Ohio-5316, 776 N.E.2d 103, ¶ 4 ("even if the court's rationale on this ground was incorrect, its judgment denying the writ based on the grounds that Stewart does not contest on appeal was proper").  Brady does not expressly contest the court of appeals' ruling that he waived his separation-of-powers claim by failing to raise it in response to the court's alternative writ to show cause why Miller should not be granted the requested relief.

{¶ 13} Moreover, even if the issue of waiver were properly before us, the court of appeals did not abuse its discretion in holding that the judge waived his

separation-of-powers claim by failing to raise it in response to the court's alternative writ and show-cause order. Because of the interlocutory nature of the court of appeals' initial order granting the writ and awarding attorney fees while deferring the determination of the amount of fees pending the submission of evidence,[1] Brady's motion to vacate was in the nature of a motion for reconsideration requesting that the court of appeals revise its interlocutory order. "A trial court's decision whether to reconsider a previous interlocutory order is a matter of discretion and will not be reversed on appeal absent an abuse of that discretion." *Kott Ents., Inc. v. Brady*, Lucas App. No. L-03-1342, 2004-Ohio-7160, ¶ 50; *Helman v. EPL Prolong, Inc.* (2000), 139 Ohio App.3d 231, 241, 743 N.E.2d 484.

**{¶ 14}** In addition, although Brady cites our plenary power in extraordinary-writ cases to consider them de novo, in his appeal, he has not established any error by the court, which is generally a prerequisite for the invocation of this authority. See, e.g., *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.* (2000), 88 Ohio St.3d 577, 579, 728 N.E.2d 395. Moreover, "our exercise of plenary authority is not automatic; it is within our discretion." *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 16. And as we reiterated in *Doe*, in an appeal of a judgment granting or denying fees in a public-records case, we have consistently applied an abuse-of-discretion rather than a de novo standard. Id. at ¶ 15.

**{¶ 15}** Therefore, we affirm the judgment of the court of appeals granting the writ of mandamus to compel Judge Brady to make the assessment filed in the

---

1. See, e.g., *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, paragraph two of the syllabus ("When attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order"); see also *State ex rel. Beacon Journal Publishing Co. v. Akron*, 100 Ohio St.3d 1405, 2003-Ohio-4948, 796 N.E.2d 534, citing *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.* (1993), 87 Ohio App.3d 840, 843, 623 N.E.2d 232.

guardianship case available for copying and awarding attorney fees to Rosanna Miller.

**Cross-Appeal:  Statutory Damages and Attorney Fees**

{¶ 16} In the cross-appeal, Miller first challenges the court of appeals' failure to award statutory damages.

{¶ 17} Her contention lacks merit for two reasons.  First, she waived this argument by failing to claim entitlement to statutory damages in either her complaint or in her various filings in the court of appeals.  See, e.g., *McGhan v. Vettel*, 122 Ohio St.3d 227, 2009-Ohio-2884, 909 N.E.2d 1279, ¶ 26.  Second, she did not introduce sufficient evidence establishing that she transmitted either of her written requests for copies of the assessment "by hand delivery or certified mail," as required by R.C. 149.43(C)(1).  *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 35.  Therefore, Miller is not entitled to a reversal of the court's denial of statutory damages.

{¶ 18} Miller also contends that the court of appeals erred in failing to grant her leave to supplement her request for attorney fees under R.C. 149.43(C)(2) to include attorney fees incurred in responding to the judge's motion to vacate the attorney-fee award.  She also now claims that she is entitled to additional fees in opposing the judge's appeal from the court of appeals' judgment denying the motion.  We agree.

{¶ 19} Under R.C. 149.43(C)(2)(c), reasonable attorney fees awarded under the current version of the Public Records Act "shall include reasonable fees incurred to produce proof of the reasonableness and amount of the fees and *to otherwise litigate entitlement to the fees*."  (Emphasis added.)  The judge's motion to vacate filed in the court of appeals and his appeal from that court's denial of the motion involved the issue whether Miller was entitled to the requested fees.  Therefore, fees incurred by Miller in defending against the judge's motion and

appeal were incurred to "litigate entitlement to the fees." The court of appeals thus erred in denying any additional fees.

**Conclusion**

{¶ 20} We affirm the judgment of the court of appeals granting a writ of mandamus to compel Judge Brady to permit Rosanna Miller to inspect and make copies of the assessment filed in the guardianship case, awarding attorney fees to Miller, and denying statutory damages. We reverse the judgment of the court of appeals denying Miller's request for additional attorney fees, and remand the cause to that court to determine the reasonable amount of additional fees to which Miller is entitled. We also deny the parties' joint request for oral argument.

Judgment accordingly.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

————————————

Wolfe & Russ, L.L.C., and Grant A. Wolfe, for appellee and cross-appellant.

Baker & Hostetler, L.L.P., and David L. Marburger; and Gerald L. Heaton, Logan County Prosecuting Attorney, for appellant and cross-appellee.

————————————