MAHONING EDUCATION ASSOCIATION OF DEVELOPMENTAL DISABILITIES, APPELLEE, *v.* STATE EMPLOYMENT RELATIONS BOARD ET AL., APPELLANTS.

[Cite as *Mahoning Edn. Assn. of Dev. Disabilities v. State Emp. Relations Bd.*, 137 Ohio St.3d 257, 2013-Ohio-4654.]

*Public employees—Unfair labor practices—R.C. 4117.11(B)(8)—Picketing— Picketing for informational purpose only and not for purpose related to strike or other work stoppage is not subject to ten-day notice requirement of R.C. 4117.11(B)(8)—Failure to notify is not unfair labor practice.*

(No. 2012-1378—Submitted April 24, 2013—Decided October 23, 2013.)

APPEAL from the Court of Appeals for Mahoning County, No. 11 MA 52, 2012-Ohio-3000.

KENNEDY, J.

I. Introduction

{¶ 1} The State Employment Relations Board ("SERB") and the Mahoning County Board of Developmental Disabilities ("MCBDD") (collectively, "the state") appeal from the decision of the Seventh District Court of Appeals holding unconstitutional the requirement in R.C. 4117.11(B)(8) that employee-union picketers give their employers and SERB ten days' notice before they engage in informational picketing. The appellate court held that the notice requirement is unconstitutional when applied to informational picketing as well as picketing related to a work stoppage.

{¶ 2} SERB presents the following proposition of law: "R.C. 4117.11(B)(8), in requiring public employees to give ten days' notice before

picketing, does not violate the First Amendment's free speech guarantee, whether on its face or as applied to non-strike related picketing."

{¶ 3} MCBDD offers two propositions of law:

I. A statutory notice requirement that does not, itself, prevent speech, is not a content-based restriction on speech.

II. The government, as employer, has far broader powers to restrict expression than does the government, as sovereign; and a court errs when it fails to consider that difference.

{¶ 4} Upon review of the record and consideration of the briefs and oral argument, we limit our opinion to an analysis of R.C. 4117.11(B)(8). We need not delve into the arguments alleging unconstitutionality or the propositions of law presented. We affirm the judgment of the Seventh District Court of Appeals, not on constitutional grounds but based upon our statutory interpretation. Because the conflict can be resolved without resort to constitutional analysis, we rely on the plain language of the statute and hold that the notice requirement of R.C. 4117.11(B)(8) does not apply to picketing that is merely informational in nature, as opposed to picketing related to a work stoppage, strike, or refusal to work. Therefore, the statute does not apply to the picketing activity in this case, and the failure to give notice did not constitute an unfair labor practice.

II. Background

{¶ 5} The parties stipulated to all facts. Appellant MCBDD, a public employer, and appellee, Mahoning Education Association of Developmental Disabilities, an employee organization representing MCBDD employees ("the union"), had operated pursuant to a collective-bargaining agreement that was effective from September 1, 2004, through August 31, 2007. The agreement contained a grievance-arbitration procedure that culminated in final and binding

arbitration. In June 2007, the union filed a notice with SERB and MCBDD to begin negotiations for a successor contract.

**{¶ 6}** MCBDD held a board meeting in a county-owned building on November 5, 2007. Immediately before that meeting, union representatives peacefully picketed outside the building. Picket signs included the messages "Settle Now," "MEADD [the union] Deserves A Fair Contract," and "Tell Superintendent [Larry] Duck to Give us a Fair Deal." The picketers positioned themselves so that they could be seen by those entering the building. According to the stipulations, the union was "engaged in picketing related to the successor contract negotiations," and the picketers "were expressing their desire for a fair contract and their dissatisfaction with the progress of negotiations" with MCBDD. The union has not engaged in a strike or given written notice of an intent to strike.

**{¶ 7}** The parties agree that the union submitted no notice of its intent to picket to SERB or MCBDD before the November 5, 2007 picketing.

III. Procedural Posture

**{¶ 8}** MCBDD filed an unfair-labor-practice charge with SERB on November 27, 2007, alleging, among other things, that the union had violated the notice requirements of R.C. 4117.11(B)(8). SERB investigated and found probable cause that the union had committed that unfair labor practice. SERB dismissed the other charges, and the parties submitted the case on stipulations. On April 29, 2010, SERB found that the union had committed an unfair labor practice by failing to give the required ten-day notice before picketing. It noted that as an administrative agency, it has no authority to determine a statute's constitutionality.

**{¶ 9}** The union appealed to the Common Pleas Court of Mahoning County, asserting that R.C. 4117.11(B)(8) is unconstitutional on its face and as applied. The union claimed that the statute is a content-based restriction on its speech and a prior restraint of its right to picket and is therefore presumed

unconstitutional. Because of that presumption, the union continued, the statute can withstand a First Amendment challenge only if it reflects a compelling state interest and is narrowly tailored to effectuate that interest.

{¶ 10} In defense of its decision, SERB responded that the statute regulates only conduct. It argued that R.C. 4117.11(B)(8) imposes no restraints on speech so long as the picketing entity gives the required notice. Furthermore, the state asserted a compelling interest in receiving notice of picketing to provide for labor peace and prepare for disruptions that picketing might impose on public services. The parties likewise disagreed on whether the statute survives an "unconstitutional as applied" analysis. Holding that R.C. 4117.11(B)(8) is constitutional on its face and as applied, the trial court upheld SERB's decision.

{¶ 11} The union appealed to the Seventh District Court of Appeals, which reversed the judgment of the trial court and declared the notice requirement of R.C. 4117.11(B)(8) unconstitutional. 2012-Ohio-3000, 973 N.E.2d 322, ¶ 30. The court held that the statute is subject to strict scrutiny as a "disfavored speaker" law, i.e., a content-based restriction that burdens speech by persons with certain viewpoints. Applying that strict standard, the court found that the state had failed to show that the restriction was necessary to meet a compelling state interest or that it was narrowly tailored to achieve that interest. MCBDD and SERB appealed to this court, and we agreed to accept jurisdiction. *Mahoning Edn. Assn. of Dev. Disabilities v. State Emp. Relations Bd.*, 133 Ohio St.3d 1464, 2012-Ohio-5149, 977 N.E.2d 693.

{¶ 12} We affirm the court of appeals' judgment reversing the decision of the trial court, but on alternative grounds. We hold that the legislature did not intend R.C. 4117.11(B)(8) to apply to informational labor picketing. The statute applies only to picketing related to a work stoppage, a strike, or other "concerted refusal to work." Therefore, the statute was improperly applied to the union's

picketing activity in this case, and the union did not commit an unfair labor practice.

IV. Legal Analysis

{¶ 13} A statute is presumed constitutional. "In enacting a statute, it is presumed that * * * [c]ompliance with the constitutions of the state and of the United States is intended." R.C. 1.47(A). *See also State v. Carswell*, 114 Ohio St.3d 210, 2007-Ohio-3723, 871 N.E.2d 547, ¶ 6. Courts have a duty to liberally construe statutes "to save them from constitutional infirmities." *Desenco, Inc. v. Akron*, 84 Ohio St.3d 535, 538, 706 N.E.2d 323 (1999). As we have historically held, "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus. With this historical requirement in mind, we turn to the language of the statute.

{¶ 14} R.C. 4117.11 reads:

> (B) It is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to:
> * * *
> (8) *Engage in any picketing, striking, or other concerted refusal to work* without giving written notice to the public employer and to the state employment relations board not less than ten days prior to the action. The notice shall state the date and time that the action will commence and, once the notice is given, the parties may extend it by the written agreement of both.

(Emphasis added.)

{¶ 15} To discern legislative intent, we read words and phrases in context and construe them in accordance with rules of grammar and common usage. *State ex rel. Barley v. Ohio Dept. of Job & Family Servs.,* 132 Ohio St.3d 505, 2012-Ohio-3329, 974 N.E.2d 1183, ¶ 20. Reading the word "picketing" in the context of the statute, and particularly in the context of the phrase "picketing, striking, or other concerted refusal to work," we find it clear that R.C. 4117.11(B)(8) was never intended to apply to picketing that is merely informational in nature. R.C. 4117.11(B)(8) states that it is an unfair labor practice to "[e]ngage in any picketing, striking, or *other concerted refusal to work*" without giving the requisite notice. (Emphasis added.) The phrase "other concerted refusal to work" would not have been used unless the previous two activities, "picketing" and "striking," are also concerted refusals to work. Thus, the legislature intended the notice requirement to apply only to a specific type of picketing, i.e., picketing related to a work stoppage.

{¶ 16} "Picketing" has more than one definition. The American Heritage Dictionary of the English Language 1327 (4th Ed.2000), for example, defines "picket" as "[a] person or group of persons stationed outside a place of employment, *usually during a strike*, to express grievance or protest *and discourage entry by nonstriking employees or customers.*" (Emphases added.) "Picketing" under this definition, therefore, would mean the conduct associated with protests during a strike or work stoppage. But picketing also refers to an activity expressing a grievance not associated with a strike or work stoppage: "A person or group of persons present outside a building to protest." *Id.* at 1327. *See also Merriam-Webster's Collegiate Dictionary* 937 (11th Ed.2003) (defining "picket" as "[a] person posted for a demonstration or protest").

{¶ 17} We conclude that the legislature sought to regulate the first type of picketing defined above. The statute addresses "any picketing, striking, or *other* concerted refusal to work" (emphasis added), and this language expresses the

drafters' understanding of picketing as part of a work stoppage. Had the legislature intended the notice requirement to cover general informational labor picketing, it would have omitted the word "other."

{¶ 18} This reading is consistent with our duty to refrain from deciding constitutional issues unless absolutely necessary. *State ex rel. Miller v. Brady,* 123 Ohio St.3d 255, 2009-Ohio-4942, 915 N.E.2d 1183, ¶ 11. Because the statute does not apply in this case, the issue of the statute's constitutionality is beyond the scope of our review.

V. Conclusion

{¶ 19} We affirm the judgment of the Seventh District Court of Appeals that R.C. 4117.11(B)(8) cannot be applied to the union's November 5, 2007 picketing, but for different reasons. Consistent with our duty to apply the plain language of the statute as written and to construe statutes so as to avoid finding incompatibility with a constitutional provision, we hold that R.C. 4117.11(B)(8) does not apply to informational labor picketing unrelated to a concerted refusal to work. Because the statute does not apply to the union's picketing activity in this case, the union did not commit an unfair labor practice.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, and FRENCH, JJ., concur.

LANZINGER and O'NEILL, JJ., concur in judgment only and concur separately.

_____

**LANZINGER, J., concurring in judgment only.**

{¶ 20} Because I cannot agree with the majority's holding that "the legislature did not intend R.C. 4117.11(B)(8) to apply to informational labor picketing," I would reach the propositions of law set forth in this case and would hold that the advance-notice provision of R.C. 4117.11(B)(8) is an unconstitutional prior restraint.

The Statutory Language

**{¶ 21}** When a union engages in "*any* picketing, striking, or other concerted refusal to work" without giving written notice ten days beforehand, it has committed an unfair labor practice. (Emphasis added.) R.C. 4117.11(B)(8).

**{¶ 22}** The majority opinion concludes that addition of the word "other" to the phrase "concerted refusal to work" limits the meaning of picketing to "picketing as part of a work stoppage." But the word "any" before "picketing" means that informational picketing is included by definition. Although the parties have agreed that the circumstances here involved "informational" picketing unrelated to a strike or other work stoppage, I believe that it is irrelevant, because notice applies to "any picketing."

**{¶ 23}** The primary question we accepted on appeal was whether the statute is constitutional, facially or as applied. In reversing the judgment of the trial court that upheld SERB's decision, the Seventh District Court of Appeals held that the notice provision of R.C. 4117.11(B)(8) is unconstitutional but did not distinguish whether it was unconstitutional on its face or as applied. I believe that we should answer the question of constitutionality.

The Constitutional Issues

*R.C. 4117.11(B)(8) is not content-based*

**{¶ 24}** The first issue is the standard under which the advance-notice provision should be reviewed. If the regulation is content-based, it is subject to strict scrutiny under the First Amendment. *Pleasant Grove City, Utah v. Summum,* 555 U.S. 460, 469, 129 S.Ct. 1125, 172 L.Ed.2d 853 (2009). If the regulation is content-neutral, it is subject to a lesser intermediate scrutiny. T*urner Broadcasting Sys., Inc. v. Fed. Communications Comm.*, 512 U.S. 622, 661-662, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994). In my view, the provision that mandates advance notice before picketing does not regulate speech based on its content.

8

{¶ 25} R.C. 4117.11(B)(8) does not require unions to seek permission to picket but instead requires ten days' notice that "any picketing, striking, or other concerted refusal to work" will occur to allow the public employer to make arrangements to avoid potential disruption of services. The employer cannot restrain the speech; if the notice provision is violated, the employer may only seek an unfair-labor-practice charge with SERB afterwards. But picketing itself is unrestricted.

{¶ 26} Applicability of R.C. 4117.11(B)(8) does not depend on the message on the sign. Because the statutory notice provision is neither subject- nor speaker-based, all picketing at the employer's location is subject to advance notice, but it is not content-based and strict scrutiny is not needed on this ground.

*R.C. 4177.11(B)(8) is a prior restraint*

{¶ 27} Nevertheless, I would hold that the requirement under R.C. 4117.11(B)(8) amounts to at least a ten-day ban on speech and thus is a prior restraint. A "prior restraint" refers to a regulation that operates to forbid expression before it takes place. *State ex rel. Toledo Blade Co. v. Henry Cty. Court of Common Pleas,* 125 Ohio St.3d 149, 2010-Ohio-1533, 926 N.E.2d 634, ¶ 20, citing 2 Smolla, *Smolla & Nimmer on Freedom of Speech*, Section 15:1, 15-4 (2009). Even though appellants point out that the picketing did occur and that, at most, the union was subject to the sanction of an unfair labor practice for failing to comply, this is more than just a mere notice requirement—compliance with the statute amounts to being prohibited from speech during the ten days from the time notice is given. Thus, the state bears a heavy burden to show a justification for imposing the restraint established by R.C. 4117.11(B)(8). *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 558, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976). Any prior restraint bears a presumption against its constitutionality. *State ex rel. Toledo Blade Co.* at ¶ 21.

**{¶ 28}** Federal courts have struck down a number of laws involving notice provisions. For example, a content-neutral city ordinance that required 20-day advance notice of a parade was found unconstitutional. *N.A.A.C.P. v. Richmond*, 743 F.2d 1346 (9th Cir.1984). Other content-neutral laws have also been invalidated as prior restraints. *See Rosen v. Port of Portland*, 641 F.2d 1243 (9th Cir.1981) (registration before demonstrating or leafleting in an airport terminal); *Robinson v. Coopwood*, 292 F.Supp. 926 (D.C.Miss.1968) (one-hour advance notice for a march or protest); *Grossman v. Portland*, 33 F.3d 1200 (9th Cir.1994) (permit needed to demonstrate in a park); and *Douglas v. Brownell*, 88 F.3d 1511 (8th Cir.1996) (five-day notice required before a parade).

*R.C. 4177.11(B)(8) is an unjustified prior restraint*

**{¶ 29}** Appellants bear a heavy burden to show that R.C. 4117.11(B)(8) is justified in imposing a prior restraint. *Stuart* at 558. A prior restraint must not burden substantially more speech than is necessary. W*ard v. Rock Against Racism*, 491 U.S. 781, 799, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989). It must target and eliminate only the source of harm it seeks to remedy. *Frisby v. Schultz*, 487 U.S. 474, 485, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988).

**{¶ 30}** In *Turner Broadcasting Sys.,* 512 U.S. 622, 114 S.Ct. 2445, 129 L.Ed.2d 497, the court stated:

> When the Government defends a regulation on speech as a means to redress past harms or prevent anticipated harms, it must do more than simply "posit the existence of the disease sought to be cured." *Quincy Cable TV, Inc. v. FCC*, 768 F.2d 1434, 1455 (C.A.D.C. 1985). It must demonstrate that the recited harms are real, not merely conjectural, and that the regulation will in fact alleviate these harms in a direct and material way.

*Id*. at 664.

{¶ 31} SERB argued that the advance-notice provision of R.C. 4117.11(B)(8) serves significant interests because notice allows the parties time to mediate or resolve their disputes, allows the public employer time to provide security for the picketing, provides a cooling-off period, allows the union time to work with employers to head off a confrontation or reflect on the most productive action, allows the employer time to prepare a response to the publicity and media attention, and allows time for SERB to intervene. But in the context of informational picketing, a "cooling off" period such as that imposed by R.C. 4117.11(B)(8) does not satisfy the government's heavy burden for justifying the prior restraint. *See United Elec., Radio & Machine Workers of Am. v. State Emp. Relations Bd.*, 126 Ohio App.3d 345, 356, 710 N.E.2d 358 (8th Dist.1998) ("Free speech is not served by imposing a delay of ten days. Rather, such a restriction disperses the drama of the moment and interrupts the natural momentum of events"). Furthermore, "[a]n essential function of free speech is to invite dispute. * * * Speech may 'best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger.' " *Seven Hills v. Aryan Nations*, 76 Ohio St.3d 304, 308, 667 N.E.2d 942 (1996), quoting *Terminiello v. Chicago*, 337 U.S. 1, 4, 69 S.Ct. 894, 93 L.Ed. 1131 (1949).

{¶ 32} Finally, although SERB contends that the statute is a mere time, place, or manner regulation, it does not explain the necessity of the length of ten days for advance notice. In sum, this ten-day ban on speech created by R.C. 4117.11(B)(8) is unjustified.

### Conclusion

{¶ 33} I would hold that justification for R.C. 4117.11(B)(8)'s advance-notice requirement is needed, because the requirement is a prior restraint on speech, and that appellants have not met their heavy burden. I would hold further

that the statutory ten-day notice is not a minimal intrusion on the right to free speech and thus may not be constitutionally applied in this case.

O'NEILL, J., concurs in the foregoing opinion.

————————————

Green Haines Sgambati Co., L.P.A., Ira J. Merkin, Charles W. Oldfield, and Stanley Okusewsky III, for appellee.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Stephen P. Carney, Deputy Solicitor, and Lori Weisman and Michael D. Allen, Assistant Attorneys General, for appellant State Employment Relations Board.

Eugene P. Nevada, for appellant Mahoning County Board of Developmental Disabilities.

Britton Smith Peters & Kalail Co., L.P.A., John E. Britton, Sherrie C. Massey, and Giselle S. Spencer, urging reversal for amici curiae Ohio School Boards Association and Ohio Association of School Business Officials.

Fishel Hass Kim Albrecht, L.L.P., Jonathan J. Downes, Anne E. McNab, and Marc A. Fishel, urging reversal for amici curiae Ohio Public Employer Labor Relations Association, Ohio Public Transit Association, County Commissioners Association of Ohio, and National Public Employer Labor Relations Association.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, and Marc J. Jaffy, urging affirmance for amicus curiae Ohio AFL-CIO.

Cloppert, Latanick, Sauter & Washburn and Ronald H. Snyder, urging affirmance for amici curiae Ohio Public Employees Lawyers Association, Ohio Association of Public School Employees/AFSCME Local 4, AFL-CIO, Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO, Ohio Nurses Association, AFL-CIO, Ohio Association of Professional Fire Fighters, Fraternal Order of Police of Ohio, Inc., and SEIU District 1199.

————————————