[Cite as *State v. Hopper*, 2016-Ohio-5760.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case Nos.  15-CA-92, 15-CA-93, |
| ANTHONY HOPPER | : | 15-CA-94, 15-CA-95, |
| | : | 15-CA-96 |
| Defendant-Appellant | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Municipal Court,
Case Nos. 15CRB00992,
15CRB00993, 15CRB00994,
15CRB01579, 15CRB01618


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        September 6, 2016


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

TRICIA M. MOORE        ANDREW T. SANDERSON
40 West Main Street        73 North Sixth Street
Newark, OH  43055        Newark, OH  43055

*Farmer, P.J.*

{¶1}    Appellant, Anthony Hopper, was charged in five separate cases on the same offense, voyeurism in violation of R.C. 2907.08(D).  Said charges arose from appellant taking pictures under the dresses of five different women.

{¶2}    A bench trial commenced on November 4, 2015.  On the morning of trial, appellant filed a motion to dismiss the charges, claiming the statute was overbroad and therefore unconstitutional.  The trial court found the motion was untimely filed and denied the motion.  The bench trial proceeded and the trial court found appellant guilty as charged in three of the cases and guilty of attempting to commit voyeurism in the remaining two cases.  By judgments of conviction filed November 4, 2015, the trial court sentenced appellant to a total aggregate term of eighteen months in jail.

{¶3}    Appellant filed an appeal and this matter is before this court for consideration.  Assignments of error are as follows:

I

{¶4}    "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SUMMARILY DENYING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS."

II

{¶5}    "THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."

I

{¶6}    Appellant claims the trial court erred in denying his request to file a late motion to dismiss the charges on constitutional grounds.  We disagree.

{¶7}    Whether to grant leave to file an untimely pretrial motion rests in a trial court's sound discretion.  *Akron v. Milewski,* 21 Ohio App.3d 140 (9th Dist.1985).  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶8}    Crim.R. 12 governs pleadings and motions before trial.  Subsections (A), (C)(2), and (D) state the following:

**(A) Pleadings and Motions.** Pleadings in criminal proceedings shall be the complaint, and the indictment or information, and the pleas of not guilty, not guilty by reason of insanity, guilty, and no contest.  All other pleas, demurrers, and motions to quash, are abolished.  Defenses and objections raised before trial which heretofore could have been raised by one or more of them shall be raised only by motion to dismiss or to grant appropriate relief, as provided in these rules.

**(C) Pretrial Motions.** Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue.  The following must be raised before trial:

(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding);

**(D) Motion Date.** All pretrial motions except as provided in Crim. R. 7(E) and 16(M) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.

{¶9} Appellant does not dispute his motion to dismiss was untimely, but argues the trial court abused its discretion in not permitting the motion to be heard "in the interest of justice." Appellant argues he presented a valid constitutional challenge, claiming the language of R.C. 2907.08(D) to be overbroad.

{¶10} In refusing to entertain the untimely motion, the trial court stated the following (T. at 8-9):

So The Court does find that the motion itself to dismiss is untimely, under Criminal Rule 12D. That leaves The Court with the discretion to allow the motion to be filed, only in the interest of justice. The Court finds, without passing on the merits of the motion to dismiss on constitutional grounds, that the interest of justice do not require The Court to entertain the motion at this time, or to allow it to be filed in an untimely manner for the following reasons: number one, it's my understanding that if the motion to file in an untimely manner is denied, Mr. Dalsanto, that you intend to proffer the motion to dismiss, and therefore, preserve the issue for appeal if the defendant were to be convicted of any of these charges.

***

And because of the nature, because one of the basis for arguing the ineffective assistance of counsel claim is to show that but for counsel's deficiencies, the outcome of the proceedings would have been different. The only way these could have possibly been different, at least from a pretrial review of the facts and procedural stance of the case, is that if the defendant's motion to dismiss had been granted. Because it only goes up on appeal if, in fact, he's convicted. And as of - - as we speak, he's presumed to be innocent.

So, if there's a conviction, if this thing goes up on an ineffective claim, which it presumably would, the merits of the case would be determined by The Court Of Appeals and therefore, the defendant is not going to be prejudiced without having that certain decision or determination ever made. In the interest of justice are not only applied to the defendant's particular circumstances, but also to all parties and persons involved in the case. And The Court is swayed by the fact that we have five different cases set. That the issue of the constitutional challenge was discussed well in advance of today's date and the motion simply wasn't filed. And furthermore, that the inconvenience to all the witnesses would be very great and the state could be put - - be prejudiced to the extent that these same witnesses may not be willing or able to attend future hearings if they were to be delayed at such a late juncture in these proceedings.

{¶11}  Upon review, we find the trial court did not abuse its discretion in refusing to entertain the motion made on the day of trial.

{¶12}  Assignment of Error I is denied.

II

{¶13}  Appellant claims his trial counsel was ineffective for failing to timely file the motion to dismiss the charges on constitutional grounds.  We disagree.

{¶14}  The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus.  Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶15} Assuming defense counsel was deficient in failing to timely file the motion to dismiss, we will proceed to analyze the issue under the second prong, a showing of prejudice.

{¶16} Defense counsel proffered the motion to dismiss in the record and fully briefed the arguments in a motion to dismiss. T. at 10. Appellant's position is that R.C. 2907.08(D) is constitutionality overbroad because it criminalizes constitutionally protected conduct.

{¶17} In *Akron v. Rowland,* 67 Ohio St.3d 374, 386-387, 1993-Ohio-222, the Supreme Court of Ohio explained the following:

The purpose of the overbreadth doctrine is to provide the "breathing space" that "First Amendment freedoms need***to survive[.]" *Natl. Assn. for the Advancement of Colored People v. Button* (1963), 371 U.S. 415, 433, 83 S.Ct. 328, 338, 9 L.Ed.2d 405, 418. In *Grayned, supra,* the Supreme Court gave the general definition of "overbreadth": "A clear and precise enactment may***be 'overbroad' if in its reach it prohibits constitutionally protected conduct." *Id.,* 408 U.S. at 114, 92 S.Ct. at 2302, 33 L.Ed.2d at 231. In considering an overbreadth challenge, the court must decide "whether the ordinance sweeps within its prohibitions what may not be punished under the First and Fourteenth Amendments." *Id.,* 408 U.S. at 115, 92 S.Ct. at 2302, 33 L.Ed.2d at 231.

"Only a statute that is substantially overbroad may be invalidated on its face." *Houston v. Hill* (1987), 482 U.S. 451, 458, 107 S.Ct. 2502,

2508, 96 L.Ed.2d 398, 410.  In order to demonstrate facial overbreadth, the party challenging the enactment must show that its potential application reaches a significant amount of protected activity. Nevertheless, criminal statutes "that make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application."  *Id.* at 459, 107 S.Ct. at 2508, 96 L.Ed.2d at 410.  A statute is substantially overbroad if it is "susceptible of regular application to protected expression."  *Id.* at 467, 107 S.Ct. at 2512, 96 L.Ed.2d at 415.

{¶18}  Appellant was charged with violating R.C. 2907.08(D) which states: "No person shall secretly or surreptitiously videotape, film, photograph, or otherwise record another person under or through the clothing being worn by that other person for the purpose of viewing the body of, or the undergarments worn by, that other person."

{¶19}  Appellant argues this subsection does not include "for the purpose of sexually arousing or gratifying the person's self" or "invade the privacy of another" elements as does subsections (A), (B), and (C).  In support of his argument, appellant presented in his motion to dismiss some nine scenarios he claimed would violate the statute, but constitute protected activity.  In the various scenarios, what is missing from appellant's argument is the fact that each person photographed or videotaped is warned of the filming or taping or consented to it or wears see-through clothing in public.  The statute specifically identifies the criminal activity as "secretly or surreptitiously videotape, film, photograph, or otherwise record."

{¶20} As explained by the Supreme Court of Ohio in *Mahoning Education Association of Developmental Disabilities v. State Employment Relations Board,* 137 Ohio St.3d 257, 2013-Ohio-4654, ¶ 13:

A statute is presumed constitutional. "In enacting a statute, it is presumed that***[c]ompliance with the constitutions of the state and of the United States is intended." R.C. 1.47(A). *See also State v. Carswell,* 114 Ohio St.3d 210, 2007-Ohio-3723, 871 N.E.2d 547, ¶ 6. Courts have a duty to liberally construe statutes "to save them from constitutional infirmities." *Desenco, Inc. v. Akron,* 84 Ohio St.3d 535, 538, 706 N.E.2d 323 (1999). As we have historically held, "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher,* 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus.

{¶21} The elements of R.C. 2907.08(D) include an activity conducted "secretly or surreptitiously" thereby implying without consent, "under or through the clothing" of another, "for the purpose of viewing the body of, or undergarments worn by, that other person."

{¶22} We find appellant has not provided evidence to establish the statute is substantially overbroad, "susceptible of regular application to protected expression." *Akron, supra,* at 387, quoting *Houston v. Hill*, 482 U.S. 451, 467 (1987).

{¶23} Upon review, we do not find there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different

{¶24} Assignment of Error II is denied.

{¶25} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Baldwin, J. concur.

SGF/sg 8/19