[Cite as *State v. Black*, 2016-Ohio-7914.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO,                               :

    Plaintiff-Appellant,                    :            CASE NO.    CA2016-04-032

                                                :            O P I N I O N
   - vs -                                          11/28/2016

                                                :

IAN BENJAMIN BLACK,                          :

    Defendant-Appellee.                     :

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 15 CR 31345

David P. Fornshell, Warren County Prosecuting Attorney, Kathryn M. Horvath, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellant

Jeffrey A. Berndt, 575 South High Street, Columbus, Ohio 43215, for defendant-appellee

**HENDRICKSON, J.**

{¶ 1}   Plaintiff-appellant, the state of Ohio, appeals a decision of the Warren County Common Pleas Court.  The state charged defendant-appellee, Ian Benjamin Black, with possession and trafficking of hashish-infused chocolate candy bars, which are commonly known as "edibles."  Black retained an expert witness to scientifically determine the weight of hashish within each edible and asked the court to order the state to provide the expert with samples of the edibles.  Black then intended

to submit evidence of the weight of the hashish and argue that he could only be charged with the actual amount of hashish and not the total weight of each candy bar. The state opposed Black's request on various grounds. The court granted Black's motion but stayed its decision while permitting the state to file this appeal. The state asserts the following assignment of error:

{¶ 2} THE WARREN COUNTY COURT OF COMMON PLEAS ABUSED ITS DISCRETION WHEN IT DENIED THE STATE'S MOTION *IN LIMINE* AND PERMITTED APPELLEE TO OBTAIN AN [INDEPENDENT] WEIGHING OF THE CONTROLLED SUBSTANCE HASHISH FOR PURPOSES OF INTRODUCING EVIDENCE OF AN ALTERNATIVE WEIGHT AT TRIAL[.]

{¶ 3} The state alleges that Black possessed and held for sale marijuana and various marijuana related products, which were seized at Black's drive-thru beverage store. Included among the marijuana products were around 150 hashish-infused chocolate candy bars in assorted flavors. These edibles were apparently professionally manufactured in a marijuana-legal state but then illegally imported to Ohio. The labeling on each edible indicated it contained 100 milligrams of hashish.

{¶ 4} The weight of all edibles seized exceeded 2,000 grams. This gram weight enhanced Black's possession and trafficking charges to felonies of the second degree. However, if the labeling claim of 100 milligrams of hashish per candy bar was accurate, the total weight of hashish would have been far less than 2,000 grams. Assuming the weight of the chocolate and other "filler" noncontraband substances was excluded, the state could only prove a lesser felony. Accordingly, Black retained an expert witness who could purportedly scientifically determine the weight of hashish within the edibles.

{¶ 5} Black moved the court to order the state to provide his expert with a sample of the edibles so that they could be reweighed. Through a contemporaneously filed motion in limine, the state argued that Black should not be allowed to present evidence of the weight of hashish within the candy bars. The state also argued that Black's expert did not have the proper government credentials to

receive and test the alleged contraband. The court ruled in Black's favor. It denied the state's motion in limine and found that Black had a statutory right to have the edibles reweighed by his expert.

**{¶ 6}** Decisions involving the admissibility of evidence are reviewed for an abuse of discretion. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 122. Similarly, decisions granting or denying a motion in limine are reviewed for an abuse of discretion. *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 526 (1994). For an abuse of discretion to have occurred, the trial court must have taken action that is unreasonable, arbitrary, or unconscionable. *State ex rel. Hamilton Cty. Bd. of Commrs. v. State Emp. Relations Bd.*, 102 Ohio St.3d 344, 2004-Ohio-3122, ¶ 17.

**{¶ 7}** Initially, the state argues that the court's ruling allowing Black's expert to reweigh the edibles was unauthorized by statute. In its decision, the court relied on R.C. 2925.51, which provides in relevant part:

> (E) Any person who is accused of a violation of this chapter or of Chapter 3719. of the Revised Code is entitled, upon written request made to the prosecuting attorney, to have a portion of the substance that is, or of each of the substances that are, the basis of the alleged violation preserved for the benefit of independent analysis performed by a laboratory analyst employed by the accused person, or, if the accused is indigent, by a qualified laboratory analyst appointed by the court. Such portion shall be a representative sample of the entire substance that is, or of each of the substances that are, the basis of the alleged violation and shall be of sufficient size, in the opinion of the court, to permit the accused's analyst to make a thorough scientific analysis concerning the identity of the substance or substances. * * *
>
> (F) In addition to the rights provided under division (E) of this section, any person who is accused of a violation of this chapter or of Chapter 3719. of the Revised Code that involves a bulk amount of a controlled substance, or any multiple thereof, or who is accused of a violation of section 2925.11 of the Revised Code, other than a minor misdemeanor violation, that involves marihuana, is entitled, upon written request made to the prosecuting attorney, to have a laboratory analyst of the accused's choice, or, if the accused is indigent, a qualified laboratory analyst appointed by the court present at a measurement or weighing of the substance that is the basis of the alleged violation. Also, the accused person is entitled, upon further written request, to receive copies of all recorded scientific data that result

from the measurement or weighing and that can be used by an analyst in arriving at conclusions, findings, or opinions concerning the weight, volume, or number of unit doses of the substance subject to the measurement or weighing.

**{¶ 8}** Accordingly, R.C. 2925.51 provides that a defendant may, upon written request: (1) have a representative sample of the alleged contraband substance provided to their own laboratory analyst for the purposes of identifying the substance; and (2) have their own laboratory analyst present at the weighing of the alleged contraband substance. Contrary to the trial court's decision, R.C. 2925.51 does not provide a defendant with a right to reweigh an alleged contraband substance. *State v. Baker*, 12th Dist. Fayette No. CA2010-11-033, 2011-Ohio-3431, ¶ 12 ("a person accused of violating R.C. Chapter 2925 is entitled to an independent *analysis* of the drugs, he is not entitled to an independent weighing thereof"). (Emphasis sic.)

**{¶ 9}** Next, the state argues that the court erred in denying its liminal motion, which asked the court to preclude Black from attempting to admit evidence or argue that the weight of the charged contraband was "anything other than the total amount of the hashish candy bar." We recently examined this issue in the context of a case involving heroin possession and trafficking. In *State v. Waver*, 12th Dist. Butler No. CA2015-08-155, 2016-Ohio-5092, we found that the statute under which the defendant was convicted did not require the weight of the "filler" to be separated from the controlled substance and that it was not error to include the filler in the total weight of the amount charged. *Id*. at ¶ 43.

**{¶ 10}** Here, with respect to possession and trafficking of hashish, the statutory language and the result is the same as in *Waver*.[1] The statutes prohibiting the possession and sale of hashish provide "[i]f the drug involved in the violation is hashish *or a compound, mixture, preparation, or substance*

---

1. In *Waver*, we noted that, with respect to cocaine, the issue of whether filler materials must be excluded from the charged weight was presently before the Ohio Supreme Court. *Id.* at ¶ 44. *See State v. Gonzales*, 6th Dist. Wood No. WD-13-086, 2015-Ohio-461, motion to certify allowed, 143 Ohio St.3d 1402, 2015-Ohio-2747, and appeal allowed, 143 Ohio St.3d 1403, 2015-Ohio-2747.

*containing hashish*, whoever violates division (A) of this section is guilty of [trafficking in or possession of] hashish." R.C. 2925.03(C)(7); 2925.11(C)(7). (Emphasis ours.) A hashish-infused candy bar meets most of these additional statutory definitions and the state properly included any filler in the total amount charged against Black. Thus, we find that the trial court committed an error of law, and thus, abused its discretion, in denying the state's motion in limine.

{¶ 11} Finally, the state argues that the court erred in its decision to permit Black's expert to possess the edibles for purposes of reweighing it. However, this argument is moot given our decision with respect to the state's first two arguments. As set forth above, we find merit in the state's assignment of error. We reverse the decision of the trial court and remand for proceedings consistent with this opinion.

{¶ 12} Judgment reversed and remanded.

M. POWELL, P.J., and RINGLAND, J., concur.