[Cite as *State v. Gross*, 2021-Ohio-4546.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellant, | : | CASE NO. CA2021-03-017 |
| | : | O P I N I O N |
| - vs - | | 12/27/2021 |
| | : | |
| RONALD G. GROSS, | : | |
| Appellee. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR37287

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellant.

David A. Chicarelli Co., LPA, and David A. Chicarelli, for appellee.


**BYRNE, J.**

{¶ 1} The State of Ohio appeals the decision of the Warren County Court of Common Pleas, which ordered the state to weigh putative contraband substances in the presence of defense expert for Ronald G. Gross, defendant-appellee. For the reasons that follow, we affirm the trial court's decision.

## I. Factual and Procedural History

{¶ 2} The state conducted a search warrant in January 2020.[1] The search warrant resulted in the confiscation of a significant bulk quantity of presumed illegal substances. The state weighed those substances in March 2020.

{¶ 3} In September 2020, a Warren County grand jury indicted Gross on 58 counts, including multiple counts of illegal manufacture of, trafficking in, and possession of various Schedule III drugs (steroids), trafficking in and possession of a fentanyl-related compound, possession of cocaine, possessing criminal tools, and possessing drug abuse instruments.

{¶ 4} In January 2021, Gross moved the trial court for an order to permit his defense expert to weigh the state's evidence. Gross explained that the case involved hundreds of vials of steroids and fentanyl, and that Gross believed that the state's claimed weight of the substances was inaccurate due to the weight of the containers being included in the overall weight.

{¶ 5} The trial court subsequently held a hearing, and, in February 2021, issued a decision. Construing the relevant statute – R.C. 2925.51 – and case law from our court, the trial court ordered the state to weigh the substances again *in the presence* of Gross' defense expert. Thus, the trial court did not grant Gross' request to have his expert weigh the evidence, but instead permitted his expert to be present while the state weighed the evidence.

{¶ 6} In its analysis of the issue, the trial court commented that it believed that R.C. 2925.51(F), "as written and interpreted by the Twelfth District, is unconstitutional * * *." The trial court explained that it believed that a defendant should not have to rely on the state's laboratory analyst to correctly weigh contraband substances and should be able to have a

---

1. The record is undeveloped concerning the search warrant and where it was executed. Presumably it was executed at some location connected to Gross.

defense expert weigh the evidence. Nonetheless, the trial court observed that "it is the duty of this Court to follow the law as written."

{¶ 7} The state appeals, raising one assignment of error.

## II. Law and Analysis

{¶ 8} THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S MOTION TO REWEIGH THE DRUGS.

{¶ 9} The state argues that the court erred in ordering it to reweigh the contraband because the trial court ignored the plain language of R.C. 2925.51 and case law from this court establishing that a defendant has no right to have contraband reweighed.

### A. Standard of Review

{¶ 10} This case rests upon the interpretation of a statute. Accordingly, our standard of review is de novo. *State v. Bishop*, 12th Dist. Clermont Nos. CA2018-05-031, CA2018-05-036, 2019-Ohio-592, ¶ 10. In a de novo review, this court independently reviews the record without giving deference to the trial court's decision. *State v. Kormos*, 12th Dist. Clermont No. CA2011-08-059, 2012-Ohio-3128, ¶ 13.

{¶ 11} A court's "duty in construing a statute is to determine and give effect to the intent of the General Assembly as expressed in the language it enacted." *Pelletier v. Campbell*, 153 Ohio St.3d 611, 2018-Ohio-2121, ¶ 14, *citing Griffith v. Aultman Hosp.*, 146 Ohio St.3d 196, 2016-Ohio-1138, ¶ 18. "In construing a statute, we do not ask 'what did the general assembly intend to enact, but what is the meaning of that which it did enact.'" *Lingle v. State*, 164 Ohio St.3d 340, 2020-Ohio-6788, ¶ 14, *quoting Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. "To discern legislative intent, we read words and phrases in context and construe them in accordance with rules of grammar and common usage." *Mahoning Edn. Assn. of Dev. Disabilities v. State Emp. Relations Bd.*, 137 Ohio St.3d 257, 2013-Ohio-4654, ¶ 15. When the statute's meaning is unambiguous

and definite, we apply the statute as written and no further interpretation is necessary. *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81 (1997).

**B. Analysis**

{¶ 12} R.C. 2925.51(F) provides:

> In addition to the rights provided under division (E) of this section, any person who is accused of a violation of this chapter or of Chapter 3719[ ] of the Revised Code that involves a bulk amount of a controlled substance, or any multiple thereof, or who is accused of a violation of section 2925.11 of the Revised Code, other than a minor misdemeanor violation, that involves marihuana, is entitled, upon written request made to the prosecuting attorney, to have a laboratory analyst of the accused's choice, or, if the accused is indigent, a qualified laboratory analyst appointed by the court present at a measurement or weighing of the substance that is the basis of the alleged violation. Also, the accused person is entitled, upon further written request, to receive copies of all recorded scientific data that result from the measurement or weighing and that can be used by an analyst in arriving at conclusions, findings, or opinions concerning the weight, volume, or number of unit doses of the substance subject to the measurement or weighing.

{¶ 13} The statute plainly, unambiguously, and definitely authorizes what the trial court ordered in this case. A defendant charged under Chapter 2925 has a right, upon written request, to have a laboratory analyst *present* at a measurement or weighing of the substance that is the basis of the alleged violation. Thus, the trial court correctly did not grant Gross' request to have his defense expert weigh the substances but correctly ordered that the defense expert would be permitted to be present during a weighing performed by the state.

{¶ 14} The state argues that the court erred in ordering a "reweighing" of the substances, and that "reweighing" is prohibited both by the statute as well as this court's case law. We reject the contention that the statute prohibits a reweighing of the substance. The statute does not refer to "reweighing" the substance and does not provide any specific

guidance on the issue of multiple weighings. However, the statute does refer to the right of the defendant's laboratory analyst to be present at "a weighing." The use of "a weighing" versus "the weighing" is significant and demonstrates that multiple weighings may occur.

{¶ 15} The state cites two of this court's cases for the proposition that the trial court erred in ordering a "reweighing." *State v. Black*, 12th Dist. Warren No. CA2016-04-032, 2016-Ohio-7914 and *State v. Baker*, 12th Dist. Fayette No. CA2010-11-033, 2011-Ohio-3431. In *Black*, we addressed a situation where a defendant was charged with possession of hashish-infused candy bars and moved the court to permit his expert to weigh the candy bars in order to determine what percentage of the candy was hashish and what percentage was candy "filler." *Id.* at ¶ 1, ¶ 4. Construing R.C. 2925.51(F), we held that the defendant only had the right to have his own laboratory analyst *present* at the weighing and the statute did not provide the defendant's expert the right to independently weigh the substance. *Id.* at ¶ 8. Though we did state in the *Black* opinion that the defendant was not entitled to "reweigh," the substance, the use of that word was in the context of the defendant's request to have his own expert perform an independent weighing of the substance. We were not asked in *Black* to determine whether multiple weighings were permissible.

{¶ 16} In *Baker*, we held that while a person accused of violating R.C. Chapter 2925 is entitled to an independent *analysis*[2] of drugs, he is not entitled to an independent *weighing* of drugs. *Baker* at ¶ 12. *Baker* is consistent with what the trial court ordered in this case. Gross requested an independent weighing of the substances by his own expert. But the trial court correctly recognized that while Gross was not entitled to have his expert independently weigh the drugs, he was entitled to have his expert present at a weighing

---

2. Pursuant to R.C. 2925.51(E), a defendant may, upon written request, have a representative sample of the alleged contraband substance provided to their own laboratory analyst for the purposes of identifying the substance.

performed by the state.

{¶ 17} Finally, the state argues that permitting multiple weighings will result in inaccurate results, due in part to the necessity of a representative portion of the substance being consumed for analysis purposes. However, nothing would prevent the state from recording the amounts consumed in sampling in order to calculate the original weight seized. This argument is unavailing.

### III. Conclusion

{¶ 18} For the foregoing reasons, we find that the trial court did not err in ordering the state to weigh the recovered substances in the presence of Gross' defense expert. We overrule the state's sole assignment of error.

{¶ 19} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.